1  KEVIN PAYTON
   840 NORTH CAMPUS AVE. APT A
2  UPLAND, CA. 91786
   (818) 568-0255
3  nulevelrcd@gmail.com

4  IN PRO PER



Related DDJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

KEVIN PAYTON

  Plaintiff

  -v-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY LAW
ENFORCEMENT OFFICE; UNITED
STATES MARSHALS' SERVICE and
DOES 1 through 100 INCLUSIVE.

Case No.: **EDCV25-00948** JFW(MAR)

COMPLAINT-BIVENS ACTION
42 U. S. C. § 1983 CIVIL ACTION
FOR DEPRIVATION OF RIGHTS;
18 U. S. C. § 242 DEPRIVATION OF
RIGHTS UNDER COLOR OF LAW;
18 U. S. C. CHAPTER 41 § 872
EXTORTION BY OFFICERS OR
EMPLOYEES OF THE UNITED
STATES; 10 U. S. C. § 2737 PROPERTY
LOSS

## COMPLAINT-BIVENS ACTION CLAIM

NOW COMES PLAINTIFF, KEVIN PAYTON, IN PRO PER, and complaining of, UNITED STATES DEPARTMENT OF HOMELAND SECERITY LAW ENFORCEMENT OFFICE, UNITED STATES MARSHALL SERVICE, and DOES 1 through 100 inclusive (collectively known from now on as "DEFENDANTS"), alleges as follows:

## INTRODUCTION

1. On October 28, 2024, during protest at the United States District Court for the Central District of California Eastern Division Riverside California, PLAINTIFF'S Civil Rights were

PLEADING TITLE - 1

Violated by Defendant's United States Department of Homeland Security Law Enforcement Officer, name requested by PLAINTIFF and Officer refused to give, and United States Marshal Service Officer, name requested by PLAINTIFF and Officer refused to give, pursuant to 18 U. S. C. § 242 Deprivation of Rights Under Color of Law; 18 U. S. C. Chapter 41 § 872 Extortion by Officers or Employees of the United States; and 10 U. S. C. § 2737 Property Loss and PLAINTIFF will submit Direct Video Evidence of all Crimes Occurring, (see Exhibit 1 USB flash drive).

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U. S. C. § 1983 Civil Action for Deprivation of Rights, Bivens Action; 18 U.S. C. § 242 to redress Deprivation of Rights Under Color of Law; 18 U. S. C. Chapter 41 § 872 to redress Extortion by Officers or Employees of the United States; and 10 U. S. C. § 2737 to redress Property Loss as secured by the United States Constitution.

3. This Court has Jurisdiction pursuant to 28 U. S. C. §§ 1331, 1367. Venue is proper under 28 U. S. C. § 1391 (b). All the Parties work and may reside, and all Crimes were committed within this Judicial District.

## THE PARTIES

4. PLAINTIFF KEVIN PAYTON is a 61-year-old resident of the City of Upland California.

5. DEFENDANT UNITED STATES DEPARTMENT OF HOMELAND SECERITY LAW ENFORCEMENT OFFICER name is currently unknown and was on duty at Riverside California District Courthouse on October 28, 2024.

6. DEFENDANT UNITED STATES MARSHAL SERVICE OFFICER name is currently unknown and was on duty at Riverside California District Courthouse on October 28, 2024.

///

///

PLEADING TITLE - 2

## DEFENDANT'S MISCONDUCT

7. On October 28, 2024, PLAINTIFF was legally protesting in front of the United States District Courthouse in Riverside California about 20-25 feet west of the front door entry to the Courthouse

8. PLAINTIFF set up a folding table with a music mix rack, computer and 2 phones, personally fabricated portable boom box, with all equipment valued at over $5,000 dollars, used during protest and was completely out of general pathway to Courthouse entrance allowing public access to the front entrance of the Courthouse to be unimpeded.

9. At 34:05 mark of video recorded protest, PLAINTIFF begun performing," You and Only You", and during performance at 36:07 mark of recording DEFENDANT UNITED STATES MARSHAL SERVICE OFFICER, (known from now on as DEFENDANT 1), steps outside from entrance of Courthouse and stands in front of entrance to Courthouse.

10. At 36:30 mark of video recorded protest during performance, DEFENDANT UNITED STATES DEPARTMENT OF HOMELAND SECERITY LAW ENFORCEMENT OFFICER, (known from now on as DEFENDANT 2), you can see in the reflection of the Courthouse window, stepped up from the street directly in front of PLAINTIFF and tried to interrupt PLAINTIFF during performance.

11. At 36:41 mark of video recorded protest DEFENDANT 2 interrupted PLAINTIFF during performance of song lyrics where you can hear PLAINTIFF say, "when I'm done with the song.

12. At 36:55 mark of video recorded protest DEFENDANT 2 walked over to PLAINTIFF'S boom box pulled out and broke RCA cord from back of 2,500-watt amplifier for sub-woofer, walked over to mix-rack pulled out main outlet line to speakers and then walked back towards PLAINTIFF stepping on bottom right of PLAINTIFF'S protest sign committing a second count of Property Destruction.

13. For the next 3 minutes PLAINTIFF and DEFENDANT 2 argued about PLAINTIFF'S rights to protest in spot PLAINTIFF was at, while DEFENDANT 2 kept stating, PLAINTIFF

PLEADING TITLE - 3

Will be arrested, all equipment will be confiscated, and PLAINTIFF will lose it all and never see any of it again if PLAINTIFF does not move all equipment and protest off Property down to the sidewalk in front of Courthouse.

14. At 39:53 mark of video recorded protest PLAINTIFF sat down for a moment and decided not to move to the sidewalk.

15. At 40:25 mark of video recorded protest DEFENDANT 2 walked back up to PLAINTIFF and threatened to arrest and seize all equipment if PLAINTIFF do not move from property to the sidewalk.

16. At 40:43 mark of video recorded protest DEFENDANT 1 steps up to PLAINTIFF and states PLAINTIFF will be arrested, they do not have facilities at Courthouse to hold so will be transferred to County Jail, would lose all equipment and would be in jail for 5 days waiting to see a Judge to request bail.

17. At 41:38 mark of video recorded protest after the continued treats of FALSE ARREST, SEIZURE and THEFT of over $5,000 dollars' worth of personal property, which would also include the impound fees of vehicle in paid parking spot, the incarceration for days without seeing Judge, PLAINTIFF decided to submit to the Extortion and move to sidewalk to finish protest because Plaintiff could not afford the financial loss from FALSE ARREST, INCARCERATION and SEIZURE and THEFT of personal property.

## FIRST CAUSE OF ACTION FOR VIOLATION OF 18 U. S. C. § 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

18. Each of the Paragraphs of this complaint is incorporated as if restated fully herein.

19. As described more fully above, both DEFENDANTS, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived PLAINTIFF of Civil Rights to a Legal Protest pursuant to Title 18 U. S. C. § 242 Deprivation of Rights Under Color of Law.

///

PLEADING TITLE - 4

## SECOND CAUSE OF ACTION FOR VIOLATION OF 18 U. S. C. CHAPTER 41 § 872 EXTORTION BY OFFICERS OR EMPLOYEES OF THE UNITED STATES

20. Each of the Paragraphs of this complaint is incorporated as if restated fully herein.

21. As described more fully above, both DEFENDANTS, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment deprived PLAINTIFF of Civil Rights with threats of False Arrest Incarceration and Seizure and Theft of personal property pursuant to Title 18 U. S. C. Chapter 41 § 872 Extortion by Officers or Employees of the United States.

## THIRD CAUSE OF ACTION FOR VIOLATION OF 10 U. S. C. § 2737 PROPERTY LOSS

22. Each of the Paragraphs of this complaint is incorporated as if restated fully herein.

23. As described more fully above, both DEFENDANTS, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment deprived PLAINTIFF of Civil Rights with 2 counts of destruction of property pursuant to Title 10 U. S. C. § 2737 Property Loss.

24. In each of the foregoing Causes of Actions, PLAINTIFF realleges each and every allegation of all the other paragraphs herein. WHEREFORE,

## PRAYER FOR RELIEF

A. PLAINTIFF demands compensatory damages in First Cause of Action in the amount of $100 dollars according to proof, and punitive damages in the sum of $500,000 dollars against both DEFENDANTS.

B. PLAINTIFF demands compensatory damages in Second Cause of action in the amount of $100 dollars according to proof, and punitive damages in the sum of $500,000 dollars against

PLEADING TITLE - 5

1  both DEFENDANTS.

2     C.  PLAINTIFF demands compensatory damages in Third Cause of Action in the amount of $300 dollars according to proof, and punitive damages in the sum of $500,000 dollars against Both DEFENDANTS.

                                                          **RESPECTFULLY SUBIMITED**

                                                          */s/ signature*

                                                   **KEVIN PAYTON-IN PRO PER**
                                                        **April 15, 2025**

PLEADING TITLE - 6

## DEMAND FOR JURY TRIAL

PLAINTIFF, KEVIN PAYTON, hereby demands a Trial by Jury in the instant, "Bivens Action", Claim pursuant to Federal Rule of Civil Procedure 38 (b) on all issues so triable.

RESPECTFULLY SUBMITED

**KEVIN PAYTON-IN PRO PER**
**April 15, 2025**

PLEADING TITLE - 7